Brenda PAYTON, et al., Plaintiffs,

v.

ABBOTT LABS, et al., Defendants.

Civ. A. No. 76–1514–S.

United States District Court, D. Massachusetts.

Oct. 3, 1983.

Amended Dec. 6, 1983.

Silverglate, Gerter, Baker & Fine, Boston, Mass., for plaintiffs.

Marshall Simonds, Goodwin, Procter & Hoar, Boston, Mass., for defendants.

## ORDER ON MOTION TO DECERTIFY THE CLASS

SKINNER, District Judge.

In this action, plaintiffs seek to recover for alleged harm suffered as the result of the ingestion by their mothers of diethylstilbestrol ("DES"), a purported preventative of miscarriages.

On July 30, 1979, I conditionally certified a plaintiff class under F.R.Civ.P. 23(b)(3) for the resolution of 13 particular issues under F.R.Civ.P. 23(c)(4)(A). 83 F.R.D. 382 (D.Mass.1979). The class and the issues were detailed in the order as follows:

The plaintiff class includes all women:

1) who were exposed to diethylstilbestrol ("DES") *in utero;*

2) whose exposure occurred in Massachusetts;

3) who were born in Massachusetts;

4) who are domiciled in Massachusetts when they receive notice of this action; and

5) who have not developed uterine or vaginal cancer.

The plaintiff class was further limited to those persons who received formal notice in accordance with an order of the court. Several other persons were added. The names of class members are on file with the clerk of court.

The plaintiff class was conditionally certified under Rule 23(c)(4)(A). F.R.Civ.P., to permit resolution of these issues:

1) whether, in the circumstances alleged in this action, fear and anguish are, under Massachusetts law, compensable injuries;

2) whether, in the circumstances alleged in this action, having been put at an increased risk of developing cancer is, under Massachusetts law, a compensable injury;

3) whether, if without DES a class member would not have been born, she may, under Massachusetts law, maintain an action for injury from exposure to DES;

4) whether and when, in the circumstances alleged in this action, Massachusetts has recognized a cause of action for injury to a fetus;

5) whether and when the defendants were negligent in manufacturing and marketing DES for use by pregnant women to prevent miscarriages;

6) whether, under Massachusetts law, the defendants may be held strictly liable to the plaintiffs;

7) whether, under Massachusetts law, the defendants may be held absolutely liable to the plaintiffs for having allegedly tested DES on them without their consents;

8) whether a private right of action exists under the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, 331, and 352;

9) whether and when, in producing, marketing, and promoting DES as a miscarriage preventative, the defendants engaged in a joint enterprise;

10) whether and when the defendants combined and conspired in their acts and omissions relating to DES;

11) whether, if the defendants did not combine, conspire, or engage in a joint enterprise, a defendant may be held liable to a class member who cannot identify the maker of the DES to which she was exposed;

12) whether and for what periods claims of plaintiff class members under the foregoing theories of liability are barred by statutes of limitations; and

13) whether and for what periods statutes of limitations bar claims for:

a) breach of express warranties and representations;

b) breach of implied warranties of fitness, safety, and efficacy; and

c) fraudulent misrepresentation.

The defendants now move for decertification of the class on the ground that issues common to the class do not predominate over issues affecting individual members in the present posture of the case. In the period since my certification order, a number of decisions have been made with respect to most of the issues for which the class was certified, most notably in the answers by the Supreme Judicial Court of Massachusetts to four questions certified to the Court by me. *Payton v. Abbott Labs,* 386 Mass. 540, 437 N.E.2d 171 (1982).

*Status of Class Issues.*

*Issue # 1.*

The Supreme Judicial Court has determined that emotional distress resulting from negligence is not compensable unless reasonably related to medically identified physical symptoms. The class as originally certified included women exposed to DES who had not suffered any physical symptoms. Judging from figures originally submitted by the plaintiffs, a relatively small percentage of the class has suffered physical symptoms related to DES. This ruling requires at least partial decertification in that the class must be redefined to include only those women who have suffered physical symptoms related to DES. A reassessment of the requirement of numerosity would also be required.

*Issue # 2.*

In answer to the certified question, the Supreme Judicial Court ruled that the increased risk to the plaintiffs of developing cancer is not compensable in the absence of physical symptoms.

*Issue # 3.*

The Supreme Judicial Court ruled that if the defendant can prove that a plaintiff would not have been born if her mother had not ingested DES, the plaintiff cannot recover.

*Issue # 4.*

The Supreme Judicial Court ruled that there is a cause of action for injury to a fetus under Massachusetts law, and that the cases so holding are retroactive.

*Issue # 5.*

The issue of the negligence of the defendants remains to be determined.

*Issue # 6.*

I have ruled that there is no strict liability under the law of Massachusetts, but comparable liability exists under the rubric of breach of warranty.

*Issue # 7.*

The issue of whether the defendant tested DES on the plaintiffs without their consent has not been formally resolved.

*Issue # 8.*

No determination has been made as to the existence of a private right of action under the Federal Food and Drug Act, 21 U.S.C. §§ 331 and 352. It is not clear if the plaintiffs are still pressing this claim.

*Issues # 9 and # 10.*

I have ruled on motions for summary judgment that the plaintiffs do not have evidence warranting a finding of joint enterprise or conspiracy.

*Issue # 11.*

The form of enterprise liability suggested by the plaintiffs has been rejected by the Supreme Judicial Court, but the possibility of some form of enterprise liability has been left open if certain conditions are met.

*Issue # 12.*

There appears to be no substantial difference of opinion as to the applicability of the three-year tort statute to negligence claims, regardless of the applicability of enterprise liability.

*Issue # 13.*

The applicable law regarding breach of warranty and the effect of statutes of limitations was settled for the purposes of this case by my order of October 14, 1982 denying summary judgment on warranty claims. It is not clear if the plaintiffs are still claiming fraudulent misrepresentation, but in any case, there has been no ruling on those claims and the application of the statute of limitations to those claims.

*Effect of the foregoing on the viability of the class action.*

In my class certification order of July 30, 1979, I distinguished this case from the leading case of *LaMar v. H & B Novelty & Loan Company,* 489 F.2d 461, 465 (9th Cir. 1973) by reason of the allegations of conspiracy and concerted action. My rulings on conspiracy and joint enterprise have removed that ground of distinction. The policy limitations on class actions set out in Judge Sneed's opinion are thus equally applicable to this case.

Most importantly, the Supreme Judicial Court in its opinion unequivocally rejected

the plaintiffs' theory of a class-wide imposition of enterprise liability for those plaintiffs who cannot identify the source of the DES which allegedly affected them. It is .true that the Supreme Judicial Court left open the possibility that it might accept the concept of enterprise liability in an appropriate case. 386 Mass. at 574, 437 N.E.2d 171. The conditions for imposition of enterprise liability suggested by the Court make it clear that a class action would not be an appropriate case. The first such condition is that there must be an opportunity for each defendant to offer exculpatory proof as to each plaintiff. 386 Mass. at 573, 437 N.E.2d 171. The second is that the market share of each defendant must be shown "in the relevant period of time". 386 Mass. at 574, 437 N.E.2d 171. I take the relevant period of time to be the time during which sales were made to particular plaintiffs.

The remaining issues to be determined are the negligence of the defendants, and whether or not the defendants breached express and implied warranties. (While the latter issue was not originally made one of the class issues, it could easily be made so.) Whether there is a private right of action under 21 U.S.C. §§ 331 and 352 and whether the evidence warrants a finding of intentional misrepresentation and fraud are apparently secondary issues, the evidence of which would in large measure parallel the evidence of negligence and breach of warranty.

Both negligence and breach of warranty turn on questions of the reasonable foreseeability of injury to the fetuses of pregnant women who ingested DES. In negligence cases, the injury resulting from the alleged negligence must be a natural and probable consequence thereof. Warranties run to persons other than the purchaser of goods "whom the manufacturer, seller or supplier might reasonably have expected to use, consume or be affected by the goods". M.G.L. c. 106, § 2–318. On the basis of the discussion of the facts which has occurred over the protracted pre-trial proceedings in this case, it seems likely that the evidence will show varying levels of foreseeability of in-

jury at different points in time and with respect to different manufacturers.

I am informed by counsel that very few members of the class can identify the particular manufacturer which produced the DES which their mothers ingested. Without an opportunity to try enterprise liability, most class members will be unable to win their cases. I am prepared to try the issue of enterprise liability under the conditions imposed by the Supreme Judicial Court, but the members of the class will be required to try the issue of enterprise liability in separate trials. Because the opportunity to present exculpatory evidence by each defendant, guaranteed by the Supreme Judicial Court, would extend to the question of its negligence as well as to the issue of when and where it marketed DES, each plaintiff would in effect have to try the negligence issue in a separate trial. A class trial, therefore, is likely to duplicate effort rather than save it.

*Summary and Conclusion.*

Various rulings of substantive law by this court and the Supreme Judicial Court of Massachusetts have resulted in the elimination as viable plaintiffs of a large proportion of the class as now constituted. For most of those who remain, successful prosecution of their claims requires the imposition of enterprise liability on all the defendants, which, if it is to be accepted at all by the Supreme Judicial Court, must be under conditions which require a separate trial for each plaintiff. It is likely that even the issues of negligence and breach of warranty will be subject to time variations and the several circumstances of various defendants, and that evidence on these points will parallel and overlap most of the evidence of causation with respect to individual cases, as well as the evidence necessary to establish enterprise liability.

Accordingly, I conclude (1) that questions of law and fact common to the class no longer predominate over questions affecting only class members; (2) a class action is not superior in this case to other available methods for the fair and efficient adjudication of this controversy, and (3) the difficul-

ties likely to be encountered in the management of a class action will be substantial and out of proportion to the economies to be expected.

I am still of the opinion that a class action can be a useful vehicle for the conduct of product liability litigation where a toxic or otherwise unsafe product is widely distributed. It is clear from our labors in this case, however, that it is less likely to be useful when there are a number of defendants, the viability of plaintiffs' claims depends on enterprise liability and each individual defendant has the right to offer exculpatory evidence with respect to each individual plaintiff.

*Order.*

In accordance with the foregoing, I hereby enter the following orders:

1. My order of July 30, 1979 granting conditional certification is VACATED and class members other than named plaintiffs shall no longer participate in this lawsuit.

2. The statutes of limitations with respect to individual actions by members of the class previously certified shall be deemed tolled for the period from April 20, 1976 until five days after the mailing of notice of this order.

3. All rulings of substantive law by this court and by the Supreme Judicial Court in response to my certified questions shall be the law of the case with respect to all individual actions brought by members of the class previously certified; members of the class shall be precluded from relitigation of issues decided in the class action in accordance with generally accepted principles of issue preclusion.

4. All pre-trial discovery, judicial discovery orders and stipulations of counsel in this case to date shall be available to both plaintiff and defendants in any action brought by a member of the class previously certified against any of the named defendants in this case.

5. Upon the completion of pre-trial proceedings, orders of consolidation of other cases with this one shall be automatically vacated and the cases returned to the judges to whom they were initially assigned, and cases which were drawn to me as cases related to this one shall be returned to the clerk of court and redrawn.

6. The actions of the several named plaintiffs are hereby severed for individual trials in accordance with the principles set out in the foregoing memorandum. The clerk shall forthwith call all counsel for a scheduling conference to determine the order of trial.

## MEMORANDUM AND ORDER FOR NOTICE TO CLASS MEMBERS

I have considered the proposed forms of notice submitted by the parties, but find that they are both too complex to be readily digested by some class members and at the same time incomplete paraphrases of my amended order decertifying the class.

Accordingly, I order that a very simple notice shall be given in the form attached hereto accompanied by a copy of my order decertifying the class for those class members who wish and are able to pursue the details.

Copies may be reduced in size so long as they remain clearly legible.

All notices will be mailed the same day in franked envelopes. Plaintiffs' counsel shall forthwith thereafter file a certificate with the clerk of court showing the date and time of mailing.

## UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

BRENDA PAYTON, et al.,
 Plaintiffs,

v.

ABBOTT LABS, et al.,
 Defendants

CIVIL ACTION NO. 76–1514–S

December 6, 1983

## NOTICE TO CLASS MEMBERS OF DECERTIFICATION OF CLASS

This notice is to inform you of an order of this court which may affect your personal right to relief on your DES-related claim. The court has determined that this case should no longer proceed as a class action, for reasons stated in the attached order, and has decertified the class. This means that the lawsuit will be prosecuted only for the benefit of the original named plaintiffs

and not for the benefit of the class generally. The important points which you should consider are as follows:

1. If you wish to preserve your claim for alleged DES-related injuries, you may do so only by filing an individual lawsuit on your own behalf.
2. In any such lawsuit, you will probably be bound by decisions of this court and of the Supreme Judicial Court of Massachusetts in this action to date, as described in the attached order.
3. Some of these decisions define and limit the rights of the parties. In order to determine whether you should proceed with an individual lawsuit in the light of these decisions, *you should consult an attorney* as soon as possible.
4. Under various Massachusetts statutes of limitations, a lawsuit to recover damages must be brought within a specific time after injury is discovered or ought to have been discovered. The running of this period is suspended while the plaintiff is a minor. It has also been suspended during the pendency of this class action, that is from April 20, 1976 until five days after the mailing of this notice. Time will then start to run again. If you intend to file an individual lawsuit, *it is important that you act promptly* to avoid having your claim barred by the statute of limitations.

WALTER JAY SKINNER
United States District Judge